[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiffs Michael Daversa and Heidi Daversa against the defendant Dale Construction for damages as a result of defective workmanship in its construction of a home with respect to tile disengaging from the subfloor in the kitchen and bathrooms, supplying an inadequate water pump and stained ceiling allegedly caused by a water leak. The plaintiffs also claim that the foregoing defects in construction of the home constituted a violation of the of the Connecticut Unfair Trade Practice Act, General Statutes § 42-110b.
The home was constructed pursuant to a written contract which provided in part the following: "The Contractor warrants that the residential dwelling to be installed and delivered on said premises will be free of defective workmanship and material for a period of one (1) year from the date of delivery of the Certificate of Occupancy to the Buyer.
Contractor does not guarantee defects or damage due to the following:
a. Natural or normal wear and tear;
 b. Defects which are the result of characteristics common to materials used or to be expected of them;
 c. Conditions resulting from condensation on, or expansion or contraction of materials;
 d. Damage due in whole or in part to any act of or neglect of the occupants of the premises or any other person even though caused in part by any defect;
Contractor shall not be responsible for hairline cracks, nail pops, etc., resulting from normal expansion, normal shrinkage, and normal settling."
The court, in the presence of the counsel for the parties, inspected the premises. To the visible eye the floor is in a defective condition. The defendant argues, in part, that, because the contract price to build CT Page 2048 the house was only $114,500.00, the plaintiffs should not expect a house with the quality of a "Cadillac." That may be, but on the other hand, the plaintiffs should not be saddled with a "bucket of bolts."
The court finds that the plaintiff sustained their burden of proving that the tile floors were defective as a result of an improper installation by the defendant and the cost of replacing the same is $7,200. The court further finds that the pump that was installed is inadequate and the cost of replacing the same is $600.
The plaintiff, however, has failed in the proof that the water stained ceilings was the result of defective workmanship and failed to prove that the defendant's acts were "unfair or deceptive" in violation of General Statutes § 42-110 et seq.
In sum, the court finds for the plaintiffs and awards damages in the amount of $7,800 plus costs.
Robert I. Berdon Judge Trial Referee